IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward A. Robinson, | C. A. No. 2:08-4099-GRA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Brien Gwyn, Richland County Sheriff Deputy; Ann Spears Walsh, Richland County Solicitor; and the Richland County Sheriff's Office, | |
| Defendants. | |

This civil rights action brought pursuant to 42 U.S.C. § 1983[1] by a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgement. 28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of rights, reads in relevant portion:
  Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

The plaintiff, Edward A. Robinson, filed this action on December 22, 2008, and named as defendants Brien Gwyn, a Richland County Sheriff, Ann Spears Walsh, a Richland County Solicitor, and the Richland County Sheriff's Office. The plaintiff complained that Gwyn violated his Fourth Amendment rights when he arrested and detained him on criminal charges for which he was subsequently acquitted. Further the plaintiff complains that Gwyn lied in his affidavit in support of an arrest warrant and testified falsely against him during his trial on the charges. The plaintiff contends that Solicitor Walsh maliciously prosecuted him. Gwyn and Walsh are sued in their individual and official capacities. Plaintiff also sued the Richland County Sheriff's Office because he believes that it is ultimately responsible for his arrest and detention. He seeks damages.

On September 11, 2009, the defendants filed a motion for summary judgment with various affidavits and exhibits. Plaintiff was provided a copy of the defendants' motion, affidavits, and exhibits, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff filed an opposition to the motion on October 19, 2009, and the defendants filed a reply on October 29, 2009. Hence it appears consideration of the motion is appropriate.

## **SUMMARY JUDGMENT STANDARD**

The burden on summary judgment is on the defendant, as the moving party, to demonstrate the absence of any genuine issues of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the plaintiff, as the party opposing the motion. United States v. Diebold, 369 U.S. 654, 655 (1962); Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 473 (1962).

In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the genuineness and materiality of any purported factual issues. Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. Fed. R. Civ. P. 56(e). See, First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968).

Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial exists to resolve what reasonable minds would recognize as real factual disputes. See, Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir.

3

1980); Atl. States Constr. Co. v. Robert E. Lee & Co., 406 F.2d 827, 829 (4th Cir. 1969).

**FACTS**

The facts, either undisputed or taken in the light most favorable to the plaintiff as the nonmoving party, and all reasonable inferences therefrom, to the extent supported by the record, are as follows.

Plaintiff filed a verified complaint which must be taken as true for summary judgment purposes. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). His complaint against Gwyn reads:

> On April 1, 2005 Deputy B. Gwyn stop me Edward A. Robinson with a hand gun in my face on Broad River Rd. And River Dr. in Columbia, S.C. in the 5:30 traffice. Richland County Deputy G. Gwyn said that I ran a red light and came with in inchs of hitting and running a car off the road and than run with in inchs up on his Richland County Officer car and threaten him with a hand gun. And after all that I ran the red light on Broad River Rd. And River Dr. And than tryed to or attempt to run him off the road. I was arrested and charge with assault and battarer wi intent to kill. Doing that time I did not have a gun and I did not run no one off the road or tayed to run no off the road and I did not run no red light's and did not threaten no one at all. Doing all of this I only had a cell phone and I was on my phone at the time of all this. All of the charges and the hear say was false and I was falsely arrested on that day. I did bond out the next day. On June 23, 2007 Richland County Deputy G. Gwyn with malice intendy to personly involved himself in attempt to getting me convicted on the false charges by comming to court and testify to the juryer by makeing the false testimony to the jury which is a frau knowning that testimony was not true and that their was no motive, no evidence, no investigation, no eye witnesses and no

4

> surveillance footage was available. surprisingly
> was not anything to show for a warrant or a arrest
> for this charge, "which ended up in trail courty,
> all on false, "here say." All this is on courty
> records and I ask that the courty records be made
> evidence for this case. If the records can not be
> made this will be a show of with holing evidence.
> (Sic).

Complaint at pg. 4

Not surprisingly, Gwyn's version of events directly contradicts the plaintiff's version and cannot be credited over the plaintiff's version on summary judgment. However some averments are uncontested. Gwyn affied:

> I retrieved from Plaintiff a South Carolina
> Identification Card bearing the name Darryl
> Robinson with a date of birth of October 12, 1965.
> Plaintiff ... also ... possessed a bank credit
> card with the name Edward Robinson and displaying
> his own photograph. ... Accordingly, at some point
> thereafter, I retrieved photographs from the Alvin
> S. Glenn Detention Center ("ASGDC") website for
> both Edward and Darryl Robinson. At that time, I
> positively identified Plaintiff as Edward
> Robinson. I further learned that Plaintiff had an
> outstanding warrant for malicious injury to
> property from the RCSD. He also had a suspended
> driver's license. While inventorying his truck I
> located three hand rolled cigarettes inside the
> ashtray, believing to contain marijuana.
> Plaintiff was charged with Simple Possession of
> Marijuana ("SPMJ") and Driving Under Suspension
> ("DUS").

The following day, April 2, 2005, Gwyn provided an affidavit to Judge V. R. Stroman-Boyd and, based on the contents of the affidavit, Judge Stroman-Boyd issued an arrest warrant for the plaintiff for the offense of "Assault/Assault and battery with intent to kill (ABWIK)." The Gwyn affidavit reads:

5

> That on 04/01/2005 while at 3600 River Dr. in the
> Dutch Fork Magisterial District of Richland
> County, one Edward Robinson did commit the crime
> of Assault & Battery with intent to Kill in that
> he did with malice and aforethought and with
> intent to kill, commit a battery upon Dep. B. Gwyn
> by threatening to shoot him by saying, "I'll pull
> this 380 and put a cap in your ass." The defendant
> then attempted to strike the victim's unmarked
> unit with his 95 Ford pick-up. Affiant and others
> are witness to prove the same."

(Ex. A to Gwyn Aff.)

Plaintiff went to trial on the ABWIK charge on June 20, 2007, and Gwyn was subpoenaed to testify to the above events. Gwyn affied that his "testimony at Plaintiff's criminal trial was completely truthful and accurate and upon information and belief, my testimony at that time was consistent with what is represented within [my] Affidavit." (Gwyn aff. ¶ 7).

Next, the plaintiff's complaint against Solicitor Walsh is:

> On March 23, 2006 a warrant from the Richland
> County Solicitor Office was served on me, saying
> that, I Edward A. Robinson did not come to court
> for role call, but I did not receive a letter are
> a phone call about any role call at all from my
> lawyer are from my bondsmen. On Aparl 18, 2006 I
> came back to court about the warrant and it was
> made known that the warrant was being taken back
> do to ineffective or err on the Solicitor Office
> but my bond was reinstated to the influence of the
> Solicitor Ann Spears Walsh false statement of my
> haven been charge with assault with intent to kill
> on Aparl 1, 2005 and assulting the some men on
> March 23, 2006. This was said to be of her belief.
> This was made with out any evidence or witnesses
> or paper work to show for, "All this was based on
> credibility and professiona and it was all a false
> statement, and Solicitor Anne Spears Walsh ask
> that I stay locked-up and Judge Johnson, Jr. order
> me to stay in jail intel I come to court and I

6

> did. On June 23, 2007 I came to tril and Solicitor
> Ann Spears Walsh malicely tryed to falsely
> convicte me of false charges with no evidents no
> eye witnesses and no investigation and no motive
> just hear say which was all false. I Edward A.
> Robinson was found not guilty on all charges and
> offense from top to bottom by the jury, by
> unanimous consent. I have the true bill to show as
> evidence of this. What I say of this clame. I
> stayed in jail for 15 months for false charges and
> false statement made to the Judge Johnson Jr. And
> all the false statements made to the jurys by
> Richland County Deputy B. Gwyn as well. This was a
> show of false (imprisonment) and nonfeasance of
> the Solicitor and the Deputy. (Sic).

Complaint at pg. 5.

Nonetheless, it is undisputed that Walsh's role and functions with respect to the prosecution of the plaintiff's case was purely that of a criminal prosecutor. Aff. Walsh ¶ 15.

### **DISCUSSION**

A review of the record and relevant case law reveals that the defendants summary judgment motion should be granted in part and denied in part.

PROBABLE CAUSE TO ARREST

Defendant Gwyn asserts that summary judgment is proper because probable cause existed for his arrest of the plaintiff. Under the Fourth Amendment, an arrest is reasonable only if based upon probable cause. Rogers v. Pendleton, 249 F.3d 279, 290 (2001). "Probable cause is 'defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the [suspect] had committed an offense.'" Id. To determine

7

whether or not probable cause existed, we must examine the "totality of the circumstances" known to the officers at the time of arrest. United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir. 1995). The determination and existence of probable cause is a "practical, nontechnical conception," and it involves "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302 (1949). Probable cause will be found when "the facts and circumstances within an officer's knowledge-or of which he possesses reasonably trustworthy information-are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed." Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000). "Whether probable cause exists in a particular situation ... always turns on two factors in combination: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." Rogers, 249 F.3d at 290. "Probable cause therefore could be lacking in a given case, and an arrestee's right violated, either because of an arresting officer's insufficient factual knowledge, or legal misunderstanding, or both." Id. Probable cause demands more than a mere suspicion, but less than evidence sufficient to convict. Taylor v. Waters, 81 F.3d 429, 433 (4th Cir. 1996). A court's inquiry should be made based on the information possessed

by the officer at the time of the arrest, that was then reasonably available to him at the time of arrest, and in light of any exigencies of time and circumstance that reasonably may have affected the officer's perceptions. <u>Pritchett v. Alford</u>, 973 F.2d 307, 312 (4th Cir. 1992).

In <u>Devenpeck v. Alford</u>, 543 U.S. 146, 125 S.Ct. 588 (2004), the Court explained that "the subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." <u>Id.</u> at 153. The Court, in fact, held that the offense establishing probable cause to arrest need not even be "closely related to" the offense on which the criminal defendant was charged. <u>Id.</u> at 153-54.

Accordingly, in a false arrest case, courts should "focus on the validity of the arrest, and not on the validity of each charge." <u>Jaegly v. Couch</u>, 439 F.3d 149, 153 (2d Cir. 2006). "A claim for false arrest turns only on whether probable cause existed to arrest a defendant, and ... it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." <u>Id.</u>

Lastly, the fact that the plaintiff was not convicted does not mean that the defendant did not have probable cause to arrest him. Not everyone who is arrested but not convicted has a cause of action for violation of § 1983. The Constitution does not

9

guarantee that only the guilty will be arrested. Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689 (1979).

Here, genuine issues of material fact exist so that a fact finder will have to determine what crime Plaintiff was initally arrested for; Plaintiff stated that it was for ABWIK while Gwyn indicated it was for driving under a suspended license and simple possession of marijuana. However, Gwyn learned that Plaintiff was driving while his license was suspended and he found hand rolled cigarettes in the truck ashtray which appeared to contain marijuana after he had arrested Plaintiff. Probable cause is determined at he time of arrest. Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992)(inquiry should be made based on the information possessed by the officer at the time of the arrest). It appears that Gwyn may be relying on facts which he could not have known at the time of arrest to provide probable cause to support the arrest. He is not entitled to summary judgment.

GWYN'S AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

Plaintiff also claims that Gwyn did not provide a truthful affidavit to Judge Stroman-Boyd, which affidavit provided the basis for the warrant for plaintiff's arrest on the ABWIK charge.

To succeed on his claim, Plaintiff must prove that Gwyn deliberately or with a reckless disregard for the truth made material false statements in his affidavit, or omitted from that affidavit material facts with the intent to make, or with

10

reckless disregard of whether they thereby made, the affidavit misleading. Gary v. Floyd, 582 F.Supp.2d 741, 746 (D.S.C. 2007) (quoting Miller v. Prince George County, Maryland, 475 F.3d 621, 627-28 (4th Cir. 2007). "Reckless disregard" can be established by evidence that an officer acted with a high degree of awareness of a statement's probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported. With respect to omissions, "reckless disregard" can be established by evidence that a police officer failed to inform the judicial officer of facts he knew would negate probable cause. A plaintiff's allegations of negligence or innocent mistake by a police officer will not provide a basis for a constitutional violation. Id.

Here, Gwyn's sworn account of the events of April 1, 2005, if taken as true, provided ample probable cause to support an arrest for ABWIK. However, on summary judgment the court cannot credit his version of events over Plaintiff's completely polar version of the events. If Plaintiff's version of the facts is believed, under the totality of the circumstances a prudent person would not have believed that Plaintiff committed the crime of assault and battery with intent to kill. Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). This creates a genuine

11

question of material fact which must await resolution by a factfinder.

## GWYN'S TESTIMONY AT TRIAL

Plaintiff also contends that Gwyn gave perjured testimony as a witness at Plaintiff's trial in violation of his due process rights. Summary judgment for Gwynn is appropriate because Gwyn, as police officer, enjoys absolute immunity from suit based on alleged perjured testimony in a judicial proceeding. Briscoe v. LaHue, 460 U.S. 325, 345-46, 103 S.Ct. 1108 (1983).

## IMMUNITY OF SOLICITOR WALSH

The plaintiff sued Walsh and alleged that she attempted to get him convicted of ABWIK without any evidence. Defendant Solicitor Walsh who prosecuted the ABWIK charge against the plaintiff argued that she should be granted summary judgement because she enjoys absolute immunity for her role as prosecuting attorney. It appears that she is correct.

The solicitor who obtains indictments from the grand jury and prosecutes a case is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is entitled to absolute immunity for claims that rest on his decisions regarding "whether and when to prosecute." Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996) (quoting Imbler, 424 U.S. at 431 n. 33); see also

12

Ehrlich v. Giuliani, 910 F.2d 1220 (4th Cir. 1990). "The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function." McGruder v. Necaise, 733 F.2d 1146 (5th Cir. 1984) (offer to drop criminal charges in exchange for pretrial detainee's decision to drop civil rights suit; held, immunized).

Walsh affied that at all relevant times her role and functions with respect to the prosecution of the plaintiff's case was purely that of a criminal prosecutor. Aff. Walsh ¶ 15. No evidence to the contrary has been presented. Therefore it appears that Walsh is protected by prosecutorial immunity and should be granted summary judgment on that basis.

## COMMON LAW NEGLIGENCE CLAIM

The plaintiff claims that the actions he complains of also constitute "negligence and or gross negligence and recklessness." Complaint at pg. 6. The defendants contend that there is no cause of action in negligence for acts which are premeditated and intentional and that Plaintiff's claim should be dismissed. It appears that the defendants are entitled to judgment as a matter of law.

The defendants cite Wannamaker v. Traywick, 136 S.C. 21, 134 S.E. 234 (1926), in which the South Carolina Supreme Court reasoned that the term "negligence" is "ordinarily used in common-law terminology to express the foundation for civil

13

liability for injury to person or property, when such injury is not the result of premeditation and formed intention." Intent and negligence are mutually exclusive and there is no claim of negligence that flows from the intentionally tortious conduct alleged by the plaintiff. The entire arrest and prosecution processes consist of acts which are, by their very nature, conducted with premeditation and formed intention and cannot be the basis for a claim of negligence or gross negligence. These claims should be dismissed.

DEFENDANTS GWYN AND WALSH IN THEIR OFFICIAL CAPACITIES

Defendants Gwyn and Walsh in their official capacities sued for damages, as employees of the State of South Carolina, share the State of South Carolina's immunity from suit in federal court and should be dismissed on that basis. "The Eleventh Amendment embodies the principle of sovereign immunity and prohibits suit by private parties against states in federal courts unless a state has waived its immunity." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 397 (4th Cir. 1990). South Carolina has not consented to suit in federal court. See, S.C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment ...."). Likewise, state officers acting in their official capacities share the state's immunity. Will v. Michigan Dep't of State Police, 491

U.S. 58, 71, 109 S.Ct. 2304 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Therefore, to the extent the complaint seeks damages from Defendants Gwyn and Walsh in their official capacities, those claims should be dismissed.

SHERIFF'S OFFICE IS NOT A PROPER DEFENDANT

Likewise, the named defendant Richland County Sheriff's Office is not an entity subject to suit under 42 U.S.C. § 1983. In South Carolina, the Sheriff's Office, like the Sheriff himself, is entitled to eleventh amendment protection. See, Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996); McCall v. Williams, 52 F.Supp. 2d 611, 623 (D.S.C. 1999) ("[T]he Sheriff's Department, like the sheriff, is an arm of the state and entitled to Eleventh Amendment immunity."); Gulledge v. Smart, 691 F.Supp. 947, 954 (D.S.C.1988), aff'd, 878 F.2d 379 (4th Cir. 1989); Cone v. Nettles, 308 S.C. 109, 417 S.E.2d 523, 524-25 (S.C. 1992). Based upon the reasoning of these cases, it appears that the §1983 claims against the Richland County Sheriff's Office must be dismissed because the Richland County Sheriff's Office is not subject to suit under § 1983.

**CONCLUSION**

Accordingly, for the aforementioned reasons it is recommended that summary judgment should be granted as to all claims against all defendants except the claims against Officer

Gwyn in his individual capacity for violation of the plaintiff's Fourth Amendment right to be free from unreasonable seizures.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

November 2, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).