UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Edward A. Robinson, | ) | |
| | ) | C/A No.:2:08-4099-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| | ) | |
| Brien Gwyn, Richland County Sheriff Deputy; Ann Spears Walsh, Richland County Solicitor; and the Richland County Sheriff's Office, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court to review Magistrate Judge Carr's Report and Recommendation pursuant to 28 U.S.C. § 636(b), filed on November 2, 2009. Plaintiff filed this action under 42 U.S.C. § 1983 on December 22, 2008. Defendants filed a Motion for Summary Judgment on September 11, 2009. After being notified pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the outcome if he failed to respond, Plaintiff filed a response in opposition on October 19, 2009. The magistrate now recommends that summary judgment should be granted as to all claims against all defendants except the claims against Officer Gwyn in his individual capacity.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the

Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

On November 20, 2009, only Defendant Brien Gwyn filed objections. His objections all boil down to one main issue: whether probable cause to arrest Plaintiff existed. The Fourth Circuit has articulated the probable cause standard as "facts and circumstances within the officer's knowledge [which] would warrant the belief of a prudent person that the [suspect] had committed or was committing an offense." *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir.1984); *see also Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000). Probable cause is determined at the time of arrest. *Pritchett v. Alford*, 973 F.2d 30, 312 (4th Cir. 1992) (stating that inquiry should be made based on the information possessed by the officer at the time of the arrest). At bottom, the proper standard is intended to protect "citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime," while at the same time giving "fair leeway for enforcing the law in the community's protection." *Maryland v. Pringle*, 540 U.S. 366 (2003) (quoting *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). "Under this pragmatic, common sense approach, we defer to the expertise and experience of law enforcement officers at the scene." *U.S. v. Dickey-Bay*, 393 F.3d 449, 453 (4th Cir. 2004).

The Court agrees with the magistrate that, as it appears from the record, Officer Gwyn may be relying on facts which he could not have known at the time of the arrest

to provide probable cause to support the arrest. The facts underlying both the marijuana and the driving under suspension charges were discovered after Plaintiff had been arrested, thereby not being in accordance with the probable cause standard articulated above.

After a thorough review of the magistrate's Report and Recommendation, Defendant's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this court adopts it in its entirety.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment is granted for Defendant Walsh and Defendant Richland County Sheriff's Office.

IT IS FURTHER ORDERED that the Motion for Summary Judgement is denied for Defendant Brien Gwyn.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

December  8 , 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**